IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR FAVA and BARBARA FAVA,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE CORPORATION,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Liberty Mutual Insurance Corporation ("Liberty Mutual" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Second Judicial District, County of Bernalillo, State of New Mexico, Cause No.: D-202-CV-2016-04682, to the United States District Court for the District of New Mexico, and respectfully states as follows:

### I.    INTRODUCTION

1.    On July 29, 2016, Plaintiff Hector Fava ("Plaintiff") commenced this action by filing his original Complaint against Defendants, Liberty Mutual Insurance Company, Clarence Wearmouth and Sal Collins for Breach of Contract and the Covenant of Good Faith and Fair Dealing, Violation of Unfair Practices Act, and Violation of the New Mexico Insurance Code. *See* State Court Pleadings, attached as Exhibit A-1, A-2 and A-3[1].

2.    Liberty Mutual was served with the original Complaint on or about August 8 2016, and service of the original Complaint was accepted by the Department of Insurance. *See id*.

---

[1] Because of the size of the transmittal documents, the State Court Pleadings has been filed as A-1, A-2 and A-3.

3.	Upon information and belief, Clarence Wearmouth and Sal Collins were never served with the Complaint and subsequently did not file their Answer to the Complaint.

4.	On March 28, 2017, Plaintiffs, Hector Fava and Barbara Fava, ("Plaintiffs"), filed their First Amended Complaint for Breach of Contract and the Covenant of Good Faith and Fair Dealing, Violation of Unfair Practices Act, and Violation of the New Mexico Insurance Code (hereinafter "Complaint") in the Second Judicial District, County of Bernalillo, State of New Mexico, Cause No.: D-202-CV-2016-04682.  *See* Exhibit A-1, A-2 and A-3.

5.	This operative lawsuit adds Barbara Fava as a Plaintiff and removes Clarence Wearmouth and Sal Collins as party defendants.  *Id.*

6.	The lawsuit against Liberty Mutual arises out of Plaintiffs' claims for property damages to their home stemming from a water leak to their home on or about August 18, 2015.  *Id.*

7.	In their Complaint, Plaintiffs allege that Liberty Mutual failed to properly evaluate the damages to their home.  Plaintiffs allege damages under various theories of liability.  *Id.*

8.	Liberty Mutual issued a Homeowners Insurance Policy ("Policy") that insured the home.

9.	Plaintiffs assert four claims for relief against Defendant entitled: Breach of Contract and the Covenant of Good Faith and Fair Dealing (Count I), Violation of Unfair Practices Act (Count II), Violation of New Mexico Insurance Code (Count III) and Negligence (Count IV).  Plaintiffs seek compensatory damages, punitive damages, attorneys' fees, costs, expenses, pre- and post-judgment interest, and treble damages.  *See id.*

10. Upon information and belief, Plaintiffs seek damages in excess of $75,000 (seventy five thousand dollars) against Defendant.

## II.   DIVERSITY JURISDICTION

11. In their Complaint, Plaintiffs assert claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete Diversity of Citizenship Exists.

12. Plaintiff, Hector Fava is a resident of Albuquerque, Bernalillo County, New Mexico.  *See* First Amended Complaint, ¶ 1, Exhibit A-1, A-2 and A-3.

13. Plaintiff, Barbara Fava, is a resident of Albuquerque, Bernalillo County, New Mexico.  *Id.*

14. Liberty Mutual is and was at all material times, a foreign corporation domiciled in the State of Massachusetts and is authorized to write and sell insurance in the State of New Mexico.  *See* 28 U.S.C. § 1322(c)(1).

15. For purposes of federal diversity jurisdiction, the parties are completely diverse.

### B.   The Amount in Controversy Exceeds $75,000.

16. Although Liberty Mutual contests liability, Plaintiffs, upon information and belief, seek a monetary judgment against Defendant well in excess of $75,000.  Specifically, Plaintiffs have alleged that the Policy provides dwelling coverage up to $160,800.  *See* First Amended Complaint, ¶ 10, Exhibit A-1, A-2 and A-3.  Plaintiffs argue that "if the Home were a car, it would be "totaled," based on the cracks in the load-bearing walls and foundation".  *Id.*, at ¶ 18.  Plaintiffs argue that in order to repair their home, the costs of the labor alone is $57,800 which does not include the cost of materials.  *Id.*, at ¶ 23.

17.     In addition to the claim for property damages noted above, Plaintiffs seek damages for Liberty Mutual's conduct including compensatory and consequential damages, punitive and/or treble damages, attorneys' fees and costs, pre- and post-judgment interest. *See* Amended Complaint, Exhibit A-1, A-2 and A-3.  Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332 (a).  Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint.  *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995).  Calculations of the amount in controversy include both compensatory and punitive damages.  *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir.1994).

19.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.    VENUE

20.     Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV.    COMPLIANCE WITH THE RULES

21.     All procedural requirements related to the removal of this action have been satisfied.

22. True and correct copies of "all process, pleadings, and orders served upon" Liberty Mutual in the State Court action are attached hereto as Exhibit A-1, A-2 and A-3. *See* 28 U.S.C. § 1446(a); D.N.M.LR-Civ. 81.1(a).

23. Liberty Mutual is timely filing this Notice of Removal within a year after its receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b)(3), (c).

24. Liberty Mutual did not remove the original action because the matter was not removable at that time in accordance with Sections 1332, 1441 and 1446. Specifically, the Plaintiff and Sal Collins, one of the original Defendants in the original action, were citizens of New Mexico thus defeating diversity.

25. The parties became diverse after Plaintiffs filed their Amended Complaint on March 28, 2017, removing Sal Collins as a party defendant. Thus, Liberty Mutual is entitled to remove this matter under Sections 1332, 1441 and 1446.

26. Liberty Mutual filed a Notice of Filing of Notice of Removal in the pending state court action in the Second Judicial District, County of Bernalillo, State of New Mexico, Cause No.: D-202-CV-2016-04682, which is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

27. A copy of this Notice of Removal will be promptly served upon the Plaintiffs, through their counsel. *See* 28 U.S.C. § 1446(d).

28. Pursuant to Fed.R.Civ.P. 81(c), Liberty Mutual will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses including those defenses under Fed.R.Civ.P. 12(b).

WHEREFORE, Liberty Mutual Insurance Corporation respectfully requests that the action now pending in the Second Judicial District, County of Bernalillo, State of New Mexico,

Cause No.: D-202-CV-2016-04682, be removed therefrom to this Court and that all further proceedings be had in this Court.

          Respectfully Submitted,

          SIMONE, ROBERTS & WEISS, P.A.

          */s/* Meena H. Allen
          MEENA H. ALLEN
          1700 Louisiana Blvd., NE, Suite 240
          Albuquerque, NM  87110
          (505) 298-9400
          mallen@srw-law.com
          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2016, I filed the foregoing electronically through the CM/ECF system, which caused service upon the following:

Brian L. Moore
Sanders & Westbrook, PC
102 Granite NW
Albuquerque, NM 87102


/s/
Meena H. Allen