FILED IN MY OFFICE
DISTRICT COURT CLERK
7/29/2016 1:24:01 PM
James A. Noel
Patricia Serna

**SECOND JUDICIAL DISTRICT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**


**HECTOR FAVA,**

      **Plaintiff,**

    **v.**                       **Case No.**   D-202-CV-2016-04682

**LIBERTY MUTUAL INSURANCE COMPANY,**
**CLARENCE WEARMOUTH, and SAL COLLINS**

      **Defendants.**


**COMPLAINT FOR BREACH OF CONTRACT AND THE COVENANT OF GOOD**
**FAITH AND FAIR DEALING, VIOLATION OF UNFAIR PRACTICES ACT, AND**
**VIOLATION OF THE NEW MEXICO INSURANCE CODE**


1.     Plaintiff Hector Fava resides at 4203 Prince Street SE, Albuquerque, New Mexico, 87105 (the "Home").

2.     Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is an insurance company authorized to sell insurance in the State of New Mexico.

3.     Defendant Clarence Wearmouth is an insurance adjuster employed by Liberty Mutual. Upon information and belief, Defendant Wearmouth resides in the State of Tennessee.

4.     Defendant Sal Collins is an insurance adjuster employed by Liberty Mutual. On information and belief, Defendant Collins resides in the State of New Mexico.

5.     The actions forming the basis of this lawsuit occurred in Bernalillo County, New Mexico.


EXHIBT A-1

6.      This Court has jurisdiction over the parties to, and the subject matter of, this lawsuit and venue is proper in this Court.

7.      On or about February 10, 2015, Liberty Mutual issued a Homeowner Insurance Policy (the "Policy") to Plaintiff that provided coverage on the Home.

8.      The Policy provides dwelling coverage up to $160,800.

9.      On August 18, 2015, Mr. Fava discovered water leaking from beneath the Home just north of the front door.

10.     Upon discovering the water, Mr. Fava immediately contacted the City of Albuquerque to turn off the water leading to the home.  The water was disconnected on the same day.

11.     Immediately after discovering the leaking water, Mr. Fava observed large cracks forming in several load-bearing walls within the Home.  Those cracks had not been present before Mr. Fava discovered the water leak.

12.     Mr. Fava also observed that the floor in his living room had begun to slope downward toward the Northeast corner of the room.  This sloping was not present before Mr. Fava discovered the water leak.

13.     Mr. Fava also contacted Liberty Mutual on August 18, 2015, to report the water leak and the cracks in the Home.

14.     Mr. Fava also contacted a plumber on August 18, 2015, to investigate the source of the water underneath the Home.  The plumber discovered that the source of the water underneath Mr. Fava's Home was a fractured PVC pipe junction beneath the Home, located inside the Home's foundation footprint.  The crawlspace located beneath half of the Home was flooded with water from the fractured pipe to a depth of at least one inch.

15.     On August 20, 2015, Defendant Collins assumed control of the remediation of the damage to the home by contacting ServPro, a fire and water cleanup and restoration company located in Albuquerque, to tear up the floor in the living room of the Home to dry out the flooded crawlspace.  The hole covers the majority of the floor space in the living room.  When the ServPro contractor came to Mr. Fava's home on August 21, 2015, he stated that if the Home were a car, it would be "totaled," based on the cracks in the load-bearing walls and foundation.

16.     On August 26, 2015, Defendant Collins came to look at the Home.  Defendant Collins's inspection of the Home consisted of entering the home and looking at the hole in the living room floor from a standing position.  Defendant Collins did not step into the hole in the living room floor or otherwise view the crawlspace or foundation of the Home.

17.     On information and belief, Defendant Collins has no training or expertise in structural or soil engineering.

18.     Defendant Collins told Mr. Fava to contact construction contractors regarding the repairs necessary to fix the floor and structural damage to the Home, leading Mr. Fava to believe that the damage to his Home would be covered.

19.     Mr. Fava and his wife contacted several construction contractors to obtain quotes for the necessary repair work and provided those quotes to Liberty Mutual.  The quotes obtained by Mr. and Mrs. Fava and forwarded to Liberty Mutual were as high as $57,800 for the cost of labor, not including the cost of materials.

20.     On September 5, 2015, Defendant Wearmouth called Mr. Fava and informed him that Liberty Mutual would provide coverage for the cost of tearing up Mr. Fava's living room floor, drying out the water in the crawlspace, and replacing the living room floor.

21.     On the same phone call, Defendant Wearmouth also informed Mr. Fava that Liberty Mutual would not provide coverage for any of the structural damage to Mr. Fava's home.

22.     Defendant Wearmouth has never personally observed any of the damage to Mr. Fava's home.

23.     Mr. Fava told Defendant Wearmouth that Mr. Fava was concerned that Defendant Wearmouth had decided not to provide coverage before performing any engineering inspection of the structural damage caused by the broken PVC pipe.

24.     In the same phone call, after Mr. Fava objected to Defendant Wearmouth's rejection of coverage, Defendant Wearmouth told Mr. Fava that he would hire Rimkus Consulting Group, Inc., to perform an engineering inspection of Mr. Fava's home.

25.     On September 24, 2015, Roderick Rennison, a person employed by Rimkus Consulting Group, Inc., came to Mr. Fava's home to inspect the damage to the Home.

26.     Mr. Rennison is a licensed Paramedic and Realtor in the State of New Mexico.  Mr. Rennison is also holds a Private Pilot's License and is a certified Advanced Open Water Scuba Diver.  On information and belief, Mr. Rennison holds no other professional license in the United States.  Mr. Rennison is not a licensed Professional Engineer in the United States.

27.     Mr. Rennison issued a report (the "Rimkus Report") on October 1, 2015, based on his visit to Mr. Fava's Home.

28.     The Rimkus Report was also signed by Thomas L. Parco.  Mr. Parco signed his name, "Thomas L. Parco, P.E.," indicating that he is a Professional Engineer.  In fact, Mr. Parco holds no engineering license.

29.     The Rimkus Report and the site visit by Defendant Collins constitute the entirety of the investigation conducted by Liberty Mutual into the damage to Mr. Fava's Home.

30.     On October 3, 2015, Defendant Wearmouth sent a letter to Mr. Fava affirming coverage for tearing up the living room floor, dehydrating the crawlspace, and replacing the living room floor, and denying for a second time any other coverage for the structural damage to the Home.

31.     In the October 3, 2015, letter denying coverage, Defendants Wearmouth and Liberty Mutual relied on language in Mr. Fava's insurance policy excluding coverage for:

    a.  Loss caused by "wear and tear, marring, deterioration, inherent vice, latent defect, mechanical breakdown, smog, rust or other corrosion, mold, wet or dry rot";

    b.  Loss caused by "earth movement, meaning earthquake including land shock waves or tremors before, during or after volcanic eruption; landslide; mine subsidence; mudflow; earth sinking; rising or shifting";

    c.  Loss caused by "faulty, inadequate or defective: planning, zoning, development, surveying, siting; design specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance."

32.     On January 29, 2016, Plaintiff's counsel sent a letter to Defendants Wearmouth and Liberty Mutual advising them that the report prepared by Mr. Rennison and Rimkus Consulting Group, Inc., contained conclusions and assumptions that were contradicted by the facts of Mr. Fava's case.  Plaintiff's counsel asked that Defendants reconsider the decision not to provide coverage for the damage to Mr. Fava's Home.

33.     Defendants did not respond to the January 29, 2016, letter.

34.     Plaintiff's counsel again sent a letter to Defendant Liberty Mutual on March 3, 2016, requesting that it reconsider the decision not to provide coverage for the damage to Mr. Fava's Home.

35.     On March 21, 2016, Liberty Mutual sent a letter to Mr. Fava denying coverage for the damage to Mr. Fava's Home for a third time.

36.     In Liberty Mutual's letter of March 21, 2016, Liberty Mutual changed the exceptions on which it relied in denying coverage for Mr. Fava's claim.

37.     In the March 21, 2016, letter, Liberty Mutual relied on language in Mr. Fava's insurance policy excluding coverage for:

     a.  Loss caused by "wear and tear, marring, deterioration; inherent vice, latent defect, mechanical breakdown;"

     b.  Loss caused by "seepage, meaning a gradual, continuous, or repeated seepage or leakage of water, steam or fuel over a period of 14 days or more, resulting in damage to the structure, whether hidden or not;"

     c.  Loss caused by "Water damage, meaning: . . . Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure";

     d.  Loss caused by "settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings."

38.     Between the October 3, 2015, letter denying coverage and the March 21, 2016, letter denying coverage, Liberty Mutual conducted no additional investigation into the damage to Mr. Fava's Home.

39.     On April 18, 2016, Gordon McKeen, a licensed Professional Engineer with extensive experience and training in evaluating soil dynamics and structural engineering in New Mexico, performed an inspection of Mr. Fava's Home.

40.     Based on Mr. McKeen's inspection, he concluded that the Rimkus Report contained numerous inaccurate statements, internal inconsistencies, unreasonable engineering assumptions, and misrepresentations of Mr. Rennison's and Mr. Parco's qualifications and licensures, all of which make Liberty Mutual's reliance on the Report in denying coverage for the damage to Mr. Fava's Home unreasonable.

41.     On June 23, 2016, counsel for Mr. Fava delivered a third letter to Liberty Mutual, along with the report prepared by Mr. McKeen, asking that Liberty Mutual reconsider its decision to deny Mr. Fava coverage on the basis of the report prepared by Mr. McKeen.

42.     The reasons listed by Defendants for denying Plaintiff's claim are frivolous and unfounded and Defendant Liberty Mutual acted unreasonably in failing to pay the claim.

### COUNT I:     BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING

43.     Plaintiff incorporates by reference all allegations contained in the paragraphs set forth above.

44.     Liberty Mutual had contractual duties to fairly and fully evaluate Plaintiff's claim and to not deny the claim for frivolous or unfounded reasons.

45.     Liberty Mutual breached the contract of insurance with Plaintiff and the associated covenant of good faith and fair dealing by failing to investigate Plaintiff's claim and by denying Plaintiff's claim under the Policy for frivolous or unfounded reasons.

46.     Liberty Mutual breached the contract of insurance with Plaintiff and the associated covenant of good faith and fair dealing asserting a new basis for denial in its second denial letter.

47.     Liberty Mutual's breaches caused Plaintiff to suffer damages for which Liberty Mutual is liable.  These damages include, but are not limited to, the unpaid policy benefits, the loss of use of Mr. Fava's living room, further deterioration of the property, loss of peace of mind, and emotional distress.

48.     Liberty Mutual's actions were intentional, malicious, wanton, and willful or in reckless disregard of Plaintiff's contractual rights thereby entitling Plaintiff to an award of punitive damages.

49.     Plaintiff is entitled to an award of attorneys' fees pursuant to § 39-2-1 because Liberty Mutual acted unreasonably in failing to pay Mr. Fava's claim.

### COUNT II:   VIOLATION OF UNFAIR PRACTICES ACT

50.     Plaintiff incorporates by reference all allegations contained in the paragraphs set forth above.

51.     The actions of Defendants Liberty Mutual and Wearmouth described above constituted violations of the New Mexico Unfair Practices Act NMSA §§ 57-12-1 through 57-12-16, including but not limited to failing to deliver the quality and quantity of goods or services contracted for, representing that services have characteristics, uses, benefits, or quantities that they do not have, and knowingly making false or misleading oral and written statements in connection with the sale, lease, rental or loan of services.

52.     Defendants' actions caused actual damages to Plaintiff for which Defendants are liable, and Plaintiff is entitled to an award of attorneys' fees for violation of the New Mexico Unfair Practices Act.  These damages include, but are not limited to, the unpaid policy benefits, the loss of use of Mr. Fava's living room, further deterioration of the property, loss of peace of mind, and emotional distress.

53.     Defendants' actions were done willfully thus entitling Plaintiff to treble damages under the Unfair Practices Act.

## COUNT III:  VIOLATION OF NEW MEXICO INSURANCE CODE

54.     Plaintiff incorporates by reference all allegations contained in the paragraphs set forth above.

55.     The actions of Liberty Mutual and Defendants Wearmouth and Collins described above constitute violations of the New Mexico Insurance Code including but not limited to sections 59A-16-20(A), (B), (C) and (E).

56.     Defendants' violations of the New Mexico Insurance Code caused Plaintiff to incur damages for which Defendant is liable.  These damages include, but are not limited to, the unpaid policy benefits, the loss of use of Mr. Fava's living room, further deterioration of the property, loss of peace of mind, and emotional distress.

57.     Plaintiff is entitled to an award of attorneys' fees for Defendant's willful violation of the New Mexico Insurance Code.

WHEREFORE, Plaintiff requests that this Court award him actual, compensatory and consequential damages, punitive and/or treble damages, pre- and post-judgment costs, attorneys' fees and costs, and any other relief this Court deems just and proper.

Respectfully Submitted,

SANDERS & WESTBROOK, PC

*/s/ Brian L. Moore*
Brian L. Moore
102 Granite Ave. NW
Albuquerque, NM 87102
(505) 243-2243
(505) 243-2750

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/29/2016 1:24:01 PM
James A. Noel
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

   Plaintiff,

v.          Case No.  D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH, and SAL COLLINS

   Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

Plaintiff, pursuant to Second Judicial District Local Rule 2-603, certifies as follows:

_____ This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

___X___ This party seeks relief other than a money judgment and/or seeks relief in excess twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

     Respectfully Submitted,
     SANDERS & WESTBROOK, PC

     */s/ Brian L. Moore*
     Brian L. Moore
     102 Granite Ave. NW
     Albuquerque, NM  87102
     (505) 243-2243
     b.sanderswestbrook@qwestoffice.net

     *Attorneys for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/29/2016 1:24:01 PM
James A. Noel
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT


HECTOR FAVA,

       Plaintiff,

   v.                             Case No.   D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH, and SAL COLLINS

       Defendants.

## JURY DEMAND

     Plaintiff submits this demand for a trial by a six person jury of all issues triable of right by jury and tenders the sum of $150.00 for the jury fee.


                    Respectfully submitted,

                    SANDERS & WESTBROOK, PC

                    */s/ Brian L. Moore*
                    Brian L. Moore
                    102 Granite NW
                    Albuquerque, NM  87102
                    (505) 243-2243
                    b.sanderswestbrook@qwestoffice.net

                    *Attorney for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/16/2016 3:58:35 PM
James A. Noel
Edna Kasuse

| SUMMONS | |
|---|---|
| Second Judicial District Court<br>Bernalillo County, New Mexico<br>400 Lomas NW<br>Albuquerque, NM 87102<br>Court Telephone No.: (505) 841-7425 | Case Number: D-202-CV-2016-04682<br><br>Judge: Denise Barela-Shepherd |
| STATE OF NEW MEXICO<br>COUNTY OF BERNALILLO<br>SECOND JUDICIAL DISTRICT COURT<br><br>HECTOR FAVA<br><br>     Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br>CLARENCE WEARMOUTH, and SAL COLLINS<br><br>    Defendants. | Defendant Name:<br><br>Clarence Wearmouth<br>c/o Liberty Mutual Indemnity Company<br>Centralized Catastrophe Unit<br>PO Box 1053<br>Montgomeryville, PA 18936 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

8/2/2016

*/s/ Brian L. Moore*
**Signature of Attorney for Plaintiff**
Maureen A. Sanders
SANDERS & WESTBROOK, P.C.
102 Granite Ave., N.W.
Albuquerque, NM 87102
Telephone: (505) 242-2243
Telefax: (505) 243-2750
b.sanderswestbrook@qwestoffice.net

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Chris Peck, Deputy

[Court Seal: SECOND JUDICIAL DISTRICT — COURT SEAL — STATE OF NEW MEXICO]

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                             :ss
COUNTY OF Bernalillo         )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in Montgomeryville, PA   ~~County~~ on the 8th
day of August          , 2016   , by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[X]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when
service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual
place of abode of defendant _____(*used when the defendant is not presently at
place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert
defendant's last known mailing address*) a copy of this summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or
employment of the defendant and by mailing  by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons and
complaint by first class mail to the defendant at _____ (*insert defendant's last
known mailing address*).

[ ]    to _____, an agent authorized to receive
service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad
litem] of defendant_____ (*used when defendant is a minor or an incompetent
person*).

[ ]    to _____, (name of person), _____, (*title of person
authorized to receive service.  Use this alternative when the defendant is a corporation or an
association subject to a suit under a common name, a land grant board of trustees, the State of New
Mexico or any political subdivision*).

Fees: _____

_____
Signature of Person making service
_____
Title *(if any)*

7012 2920 0001 0020 2840

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse<br>so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece,<br>or on the front if space permits. | A. Signature<br>X-3 _[signature]_   ☑ Agent<br>☐ Addressee |
| | B. Received by *(Printed Name)*   C. Date of Delivery<br>Bhupendra   Apr 8/5/16 |
| 1. Article Addressed to:<br>Clarence Wearmouth<br>Liberty Mutual Insurance<br>Centralized Catastrophe Unit<br>PO Box 9 053<br>Montgomeryville PA 18936 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☑ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 1269 5246 9514 19

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☒ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☒ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☒ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number *(Transfer from service label)*
7012 2920 0001 0020 2840

PS Form **3811**, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

Subscribed and sworn to before me this _16th_ day of _August_____, _2016_.

_____
Judge, notary or other officer
Authorized to administer oaths

_____
Official title

My Commission Expires
2 - 23 - 20 _____

USE NOTE

      1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

      2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/22/2016 1:41:02 PM
James A. Noel
Doreen Adorno

## STATE OF NEW MEXICO
## OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

D202CV2016-04682

HECTOR FAVA
Plaintiff(s)

VS

LIBERTY MUTUAL INSURANCE COMPANY, CLARENCE WEARMOUTH, AND SAL COLLLINS,
Defendant(s)

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Jury Demand, Court-Annexed Arbitration Certification, and Complaint for Breach of Contract and the Covenant of Good Faith and Fair Dealing, Violation of Unfair Practices Act, and Violation of the New Mexico Insurance Code, on the above style cause as accepted by me on behalf of LIBERTY MUTUAL INSURANCE COMPANY on August 5, 2016 provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on August 8, 2016 as shown by return receipt by Postmaster.

In                                                      hereunto set my official seal
                                                        on this 18th day of August, 2016

                                                        *John G. Franchini*

                                                        Superintendent of Insurance

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/14/2016 1:22:06 PM
James A. Noel
Doreen Adorno

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

     Plaintiff,

v.                                      D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

     Defendants,

### **ENTRY OF APPEARANCE**

     Simone Roberts & Weiss, P.A. (Meena H. Allen), hereby enters its appearance on behalf

of Defendant, Liberty Mutual Insurance Corporation, erroneously identified as Liberty Mutual

Insurance Company, in the above-entitled cause of action.

                         Respectfully Submitted,

                         SIMONE, ROBERTS & WEISS, P.A.

                         /s/ Meena H. Allen_____
                         MEENA H. ALLEN
                         *Attorneys for Liberty Mutual  Insurance Corporation*
                         1700 Louisiana Boulevard, NE, Suite 240
                         Albuquerque, New Mexico 87110
                         (505) 298-9400

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 14th day of September, 2016, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian L. Moore
Sanders & Westbrook, PC
102 Granite NW
Albuquerque, NM 87102


/s/ Meena H. Allen
Meena H. Allen

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/14/2016 1:22:06 PM
James A. Noel
Doreen Adorno

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

      Plaintiff,

v.                                D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

      Defendants,

## JURY DEMAND

Defendant, Liberty Mutual Insurance Corporation, erroneously identified as Liberty Mutual Insurance Company, by and though its undersigned counsel of record, Simone, Roberts, and Weiss, P.A., hereby demands a trial by jury of twelve (12) jurors in the above entitled and numbered cause and deposits herewith the sum of $150.00.  On July 29, 2016, the sum of $150.00 was submitted by Plaintiff.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.

/s/ Meena H. Allen
MEENA H. ALLEN
*Attorneys for Liberty Mutual Insurance Corporation*
1700 Louisiana Boulevard, NE, Suite 240
Albuquerque, New Mexico 87110
(505) 298-9400

1

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/14/2016 1:22:06 PM
James A. Noel
Doreen Adorno

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

     Plaintiff,

v.                                   D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

     Defendants,

## CERTIFICATE OF SERVICE

     I HEREBY certify that Defendant, Liberty Mutual Insurance Corporation, erroneously identified as Liberty Mutual Insurance Company's First set of Interrogatories and Requests for Production to Plaintiff, Hector Fava, along with a copy of this Certificate of Service was mailed this 14th day of September, 2016 to:

     Brian L. Moore
     Sanders & Westbrook, PC
     102 Granite NW
     Albuquerque, NM 87102

                    Respectfully Submitted,

                    SIMONE, ROBERTS & WEISS, P.A.

                    /s/ Meena H. Allen_____
                    MEENA H. ALLEN
                    *Attorneys for Liberty Mutual Insurance Corporation*
                    1700 Louisiana Boulevard, NE, Suite 240
                    Albuquerque, New Mexico 87110
                    (505) 298-9400

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/14/2016 3:50:06 PM
James A. Noel
Lorenzo Renteria

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

     Plaintiff,

v.                                  D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

     Defendants,

## ANSWER TO COMPLAINT

Defendant, Liberty Mutual Insurance Corporation, erroneously identified as Liberty Mutual Insurance Company (hereinafter "Defendant" or "Liberty Mutual"), by and through its undersigned counsel of record, Simone, Roberts & Weiss, P.A., answers Plaintiff's Complaint for Breach of Contract and the Covenant of Good Faith and Fair Dealing, Violation of Unfair Practices Act, and Violation of the New Mexico Insurance Code (hereinafter "Complaint") as follows:

1.     Upon information and belief, Defendant admits the allegations set forth in Paragraph 1 (one) of the Complaint.

2.     Defendant admits the allegations contained in Paragraph 2 of the Complaint, subject to correction of the erroneous entity.

3-4.     The allegations contained in Paragraphs 3 and 4 of the Complaint are directed to other Defendants for which no answer or responses are deemed required by this Defendant.  To the extent answers are deemed required, Defendant denies each and every material allegation set forth in said paragraphs and demands strict proof thereof.

1

5.     Defendant denies the allegations set forth in Paragraph 5 of the Complaint and demands strict proof thereof.

6.     The allegations set forth in Paragraph 6 of the Complaint are legal arguments and conclusions of law for which no answer or response is deemed required under the New Mexico Rules of Civil Procedure.  To the extent an answer is deemed required, Defendant denies these remaining allegations and demands strict proof thereof.

7-8.     For its answers to Paragraphs 7 and 8 of the Complaint, Defendant admits that it issued a Policy to the Plaintiff subject to the provisions, exclusions and limitations set forth in the Policy.  All other allegations set forth in said Paragraphs are hereby denied.

9-12.    Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraphs 9 through 12 of the Complaint and therefore denies the same.

13.     For its answer to Paragraph 13 of the Complaint, Defendant admits that Plaintiff reported a claim.  All other allegations set forth in said paragraph are hereby denied.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16.     For its answer to Paragraph 16 of the Complaint and upon information and belief, Defendant admits that Defendant Collins inspected the home.  All other allegations set forth in said paragraph are hereby denied and Defendant demands strict proof thereof.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint and demands strict proof thereof.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint and affirmatively states that only Plaintiff can attest to what he believed.

19.     Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph 19 of the Complaint and therefore denies the same.

20-24. The allegations contained in Paragraphs 20-24 of the Complaint are directed to another defendant for whom no answers or responses are deemed required by this Defendant.  To the extent answers are required; Defendant denies each and every allegation set forth in said paragraphs and demands strict proof thereof.

25-26. Defendant admits the allegations set forth in Paragraphs 25 and 26 of the Complaint to the extent Rimkus inspected Plaintiff's home.  All other allegations set forth in said paragraph are hereby denied and Defendant demands strict proof thereof.

27.     Upon information and belief, in response to the allegations set forth in Paragraph 27 of the Complaint, Defendant admits that Rimkus issued a report.  All other allegations set forth in said paragraph are hereby denied.

28.     Defendant denies the allegations set forth in Paragraph 28 of the Complaint and demands strict proof thereof.

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint and demands strict proof thereof.

30.     For its answer to Paragraph 30 of the Complaint, Defendant states that the letter of October 3, 2015, speaks for itself.  All other allegations set forth in said paragraph are hereby denied.

31.     For its answer to Paragraph 31 of the Complaint, Defendant states that the letter of October 3, 2015, speaks for itself.  All other allegations set forth in said paragraph are hereby denied.

32.     For its answer to Paragraph 32 of the Complaint, Defendant states that the letter sent by Plaintiff's counsel on January 29, 2016, speaks for itself.  All other allegations set forth in said paragraph are hereby denied.

33-34. Defendant denies the allegations set forth in Paragraphs 33 and 34 of the Complaint and demands strict proof thereof.

35-37. For its answers to Paragraphs 35 through 37 of the Complaint, Defendant states that the letter sent to Plaintiff by Liberty Mutual on March 21, 2016, speaks for itself.  All other allegations set forth in said paragraphs are hereby denied.

38.     Defendant denies the allegations set forth in Paragraph 38 of the Complaint and demands strict proof thereof.

39-41. Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraphs 39 through 41 of the Complaint and therefore denies the same.

42.     Defendant denies the allegations set forth in Paragraph 42 of the Complaint and demands strict proof thereof.

**COUNT I:        BREACH OF CONTRACT AND THE COVENANT OF
                 GOOD FAITH AND FAIR DEALING**

43.     For its answer to Paragraph 43 of the Complaint, Defendant incorporates by reference its various answers, responses, admissions and denials contained in the preceding paragraphs as if fully set forth herein.

44.     The allegations contained in Paragraph 44 of the Complaint are legal arguments and conclusions of law for which no answer or response is deemed appropriate or necessary. Defendant otherwise denies the allegations set forth in said paragraph and demands strict proof thereof.

45-49. Defendant denies the allegations contained in Paragraphs 45 through 49 of the Complaint and demands strict proof thereof.

**COUNT II:    VIOLATION OF UNFAIR PRACTICES ACT**

50.     For its answer to Paragraph 50 of the Complaint, Defendant incorporates by reference its various answers, responses, admissions and denials contained in the preceding paragraphs as if fully set forth herein.

51-53. Defendant denies the allegations contained in Paragraphs 51 through 53 of the Complaint and demand strict proof thereof.

**COUNT III:  VIOLATION OF NEW MEXICO INSURANCE CODE**

54.     For its answer to Paragraph 54 of the Complaint, Defendant incorporates by reference its various answers, responses, admissions and denials contained in the preceding paragraphs as if fully set forth herein.

55-57. Defendant denies the allegations contained in Paragraphs 55 through 57 of the Complaint and demand strict proof thereof.

Defendant respectfully requests the Court deny the relief sought in Plaintiff's "Wherefore" paragraph.

## GENERAL DENIAL

Defendant denies any and all allegations set forth in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to the comparative negligence or fault of Plaintiff and/or his representatives.

### Third Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate her damages.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, exclusions, and limitations of the Policy, all of which are expressly reserved herein.

### Fifth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to one or more of the equitable doctrines including, but not limited to, waiver, estoppel and laches.

### Sixth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to their failure to establish conditions precedent to the maintenance of this action.

**Seventh Affirmative Defense**

Plaintiff's claims may be barred, in whole or in part, due to the acts or omissions of third parties over whom Defendant maintains no control or right of control.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, due to the fact that Defendant has acted in good faith and in accordance with the terms of the Policy, and any dispute with the Plaintiff in terms of coverage under the Policy was an honest dispute.

**Ninth Affirmative Defense**

To the extent that there is any bad faith on the part of this Defendant, which is specifically denied, the conduct of all parties, including any failure to exercise good faith by Plaintiff, shall be compared and any recovery by the Plaintiff shall be limited to any improper action on the part of Defendant, if any.

**Tenth Affirmative Defense**

Plaintiff's claims were filed without a reasonable basis and, therefore, Defendant is entitled to its attorney's fees and costs, including fees and costs under Section 59A-16-30.

**Eleventh Affirmative Defense**

Plaintiff's claims for statutory bad faith are barred under the applicable statutes and case law.

**Twelfth Affirmative Defense**

Plaintiff's demand for exemplary damages is barred, in part, because such damages are unavailable under the Unfair Insurance Practices.

**Thirteenth Affirmative Defense**

Plaintiff has failed to state a claim for pre- and post-judgment interest and attorney's fees.

**Fourteenth Affirmative Defense**

Plaintiff's claims against the Defendant may be barred due to his failure to allege an actual case or controversy.

**Fifteenth Affirmative Defense**

Defendant reserves the right to assert such additional affirmative defenses that may become known through the course of discovery in this action.

WHEREFORE, Defendant, Liberty Mutual Insurance Corporation, requests that this Court dismiss Plaintiff's Complaint for Breach of Contract and the Covenant of Good Faith and Fair Dealing, Violation of Unfair Practices Act, and Violation of the New Mexico Insurance Code with prejudice, that judgment enter in favor of Defendant and against Plaintiff, and that Defendant be awarded their costs, expenses, interest, expert witness fees, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.

/s/ Meena H. Allen
MEENA H. ALLEN
*Attorneys for Liberty Mutual    Insurance Corporation*
1700 Louisiana Boulevard, NE, Suite 240
Albuquerque, New Mexico 87110
(505) 298-9400

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of September, 2016, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian L. Moore, Sanders & Westbrook, PC, 102 Granite NW, Albuquerque, NM 87102

/s/ Meena H. Allen
Meena H. Allen

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of September, 2016, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian L. Moore
Sanders & Westbrook, PC
102 Granite NW
Albuquerque, NM 87102


/s/ Meena H. Allen_____
Meena H. Allen

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/7/2016 2:12:14 PM
James A. Noel
Doreen Adorno

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

      Plaintiff,

v.                                                D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

      Defendants.

## <u>NOTICE TO TAKE DEPOSITION</u>

| | |
|---|---|
| DEPONENT: | Hector Fava<br>c/o Brian L. Moore<br>Sanders & Westbrook, PC<br>102 Granite NW<br>Albuquerque, NM 87102 |
| TIME & DATE: | November 18, 2016<br>9:30 a.m. until completed |
| PLACE: | Simone, Roberts & Weiss, P.A.<br>1700 Louisiana NE, Suite 240<br>Albuquerque, NM 87110 |
| SCOPE OF EXAMINATION: | Limited only by Rule 1-026 and Rule 1-030 of the New Mexico Rules of Civil Procedure for the District Courts of the State of New Mexico |
| METHOD OF RECORDING: | By oral examination, before a certified court reporter |
| OFFICIAL COURT REPORTER: | Yes.  Trambley Court Reporting |
| SUBPOENA: | No. |
| VIDEO: | No. |
| INTERPRETER: | No. |

USE AT          The deposition transcript may be used at trial pursuant to Rule 1-032 of
TRIAL:          The Rules of Civil Procedure for the District Court of the State of New
                Mexico.


                                        Respectfully Submitted,

                                        SIMONE, ROBERTS & WEISS, P.A.


                                        /s/ Meena H. Allen_____
                                        MEENA H. ALLEN
                                        *Attorneys for Liberty Mutual  Insurance*
                                        *Corporation*
                                        1700 Louisiana Boulevard, NE, Suite 240
                                        Albuquerque, New Mexico 87110
                                        (505) 298-9400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October, 2016, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian L. Moore
Sanders & Westbrook, PC
102 Granite NW
Albuquerque, NM 87102


/s/ Meena H. Allen_____
Meena H. Allen

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/7/2016 2:12:14 PM
James A. Noel
Doreen Adorno

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

      Plaintiff,

v.                                                         D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

      Defendants.

## NOTICE TO TAKE DEPOSITION

| | |
|---|---|
| DEPONENT: | Barbara Fava<br>c/o Brian L. Moore<br>Sanders & Westbrook, PC<br>102 Granite NW<br>Albuquerque, NM 87102 |
| TIME & DATE: | November 18, 2016<br>1:00 p.m. until completed |
| PLACE: | Simone, Roberts & Weiss, P.A.<br>1700 Louisiana NE, Suite 240<br>Albuquerque, NM 87110 |
| SCOPE OF EXAMINATION: | Limited only by Rule 1-026 and Rule 1-030 of the New Mexico Rules of Civil Procedure for the District Courts of the State of New Mexico |
| METHOD OF RECORDING: | By oral examination, before a certified court reporter |
| OFFICIAL COURT REPORTER: | Yes.  Trambley Court Reporting |
| SUBPOENA: | No. |
| VIDEO: | No. |
| INTERPRETER: | No. |

| | |
|---|---|
| USE AT TRIAL: | The deposition transcript may be used at trial pursuant to Rule 1-032 of The Rules of Civil Procedure for the District Court of the State of New Mexico. |

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.

/s/ Meena H. Allen_____
MEENA H. ALLEN
*Attorneys for Liberty Mutual  Insurance Corporation*
1700 Louisiana Boulevard, NE, Suite 240
Albuquerque, New Mexico 87110
(505) 298-9400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October, 2016, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian L. Moore
Sanders & Westbrook, PC
102 Granite NW
Albuquerque, NM 87102

/s/ Meena H. Allen_____
Meena H. Allen

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/11/2016 2:06:24 PM
James A. Noel
Shellene Romero

**SECOND JUDICIAL DISTRICT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**HECTOR FAVA,**

   **Plaintiff,**

**v.**          **Case No.  D-202-CV-2016-04682**

**LIBERTY MUTUAL INSURANCE COMPANY,**
**CLARENCE WEARMOUTH, and SAL COLLINS**

   **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a copy of Plaintiff's First Set of Interrogatories and First Requests for

Production were served upon Defendant Liberty Mutual Insurance Company, via electronic mail

to Defendant Liberty Mutual Insurance Company's attorney of record, Meena H. Allen, Simone,

Roberts & Weiss, P.A., 1700 Louisiana Boulevard, NE, Suite 240, Albuquerque, NM  87110,

mallen@srw-law.com on the 11th day of October, 2016.

        Respectfully Submitted,

        SANDERS & WESTBROOK, PC

        */s/ Brian L. Moore*
        Brian L. Moore
        102 Granite Ave. NW
        Albuquerque, NM 87102
        (505) 243-2243
        (505) 243-2750

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/21/2016 4:13:51 PM
James A. Noel
Edna Kasuse

**SECOND JUDICIAL DISTRICT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**HECTOR FAVA,**

      **Plaintiff,**

**v.**                         **Case No.  D-202-CV-2016-04682**

**LIBERTY MUTUAL INSURANCE COMPANY,**
**CLARENCE WEARMOUTH, and SAL COLLINS**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that an original and one copy of *Plaintiff's Answers to Defendant Liberty Mutual Insurance Company's First Set of Interrogatories and Plaintiff's Responses to Defendant Liberty Mutual Insurance Company's First Request for Production of Documents*, along with a copy of this certificate of service, was e-mailed to Defendant Liberty Mutual Insurance Company, in care of its attorney of record, Meena H. Allen, Simone, Roberts & Weiss, P.A., 1700 Louisiana Blvd., NE., Suite 240, Albuquerque, NM 87110, on this 21st day of October, 2016.

                    Respectfully Submitted,

                    SANDERS & WESTBROOK, PC

                    */s/ Brian L. Moore*
                    Brian L. Moore
                    102 Granite Ave. NW
                    Albuquerque, NM 87102
                    (505) 243-2243
                    (505) 243-2750

**FILED IN MY OFFICE**
**DISTRICT COURT CLERK**
**10/25/2016 2:28:30 PM**
**James A. Noel**
**Robin Wilson**

## ALIAS SUMMONS

| | |
|---|---|
| Second Judicial District Court<br>Bernalillo County, New Mexico<br>400 Lomas NW<br>Albuquerque, NM 87102<br>Court Telephone No.: (505) 841-7425 | Case Number: D-202-CV-2016-04682<br><br>Judge: Denise Barela-Shepherd |
| STATE OF NEW MEXICO<br>COUNTY OF BERNALILLO<br>SECOND JUDICIAL DISTRICT COURT<br><br>HECTOR FAVA<br><br>    Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br>CLARENCE WEARMOUTH, and SAL COLLINS<br><br>    Defendants. | Defendant Name:<br><br>Clarence Wearmouth<br>c/o Pilot Catastrophe Services<br>ATTN: Legal Department<br>1055 Hillcrest Road<br>Mobile, AL 36695 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

*/s/ Brian L. Moore*
**Signature of Attorney for Plaintiff**
Maureen A. Sanders
SANDERS & WESTBROOK, P.C.
102 Granite Ave., N.W.
Albuquerque, NM 87102
Telephone:    (505) 242-2243
Telefax:        (505) 243-2750
b.sanderswestbrook@qwestoffice.net

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO                    )
                                       :ss
COUNTY OF _Bemalillo_                  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Bemalillo_ County on the _18th_ day of _October_ , _2016_ , by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[X]   to the defendant by (mail) [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____ , a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode* ) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of this summons and complaint.

[ ]   to _____ , the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____ , an agent authorized to receive service of process for defendant _____ .

[ ]   to _____ , [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ , (name of person), _____ , (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Elizabeth Wheeler_
Signature of Person making service
_Paralegal_
Title (*if any*)

Subscribed and sworn to before me this _24th_ day of _October_____, _2016_.

_Katherine A Wray_____
Judge, notary or other officer
Authorized to administer oaths

_Notary Public_____
Official title

OFFICIAL SEAL
Katherine Wray
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission  11|24|18



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clarence Wearmouth
C/O Plot Catastrophe Services
ATTN: Legal Department
1055 Hillcrest Road
Mobile, AL 36695

9590 9402 1269 5246 9513 89

2. Article Number (Transfer from service label)

7012 2920 0001 0020 2895

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Karen McCoy

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/3/2016 4:18:37 PM
James A. Noel
Dawna Jarvis

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

HECTOR FAVA,

        Plaintiff,

v.                                         Case No.  D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH, and SAL COLLINS

        Defendants.

## ENTRY OF APPEARANCE

Duff Westbrook (Sanders & Westbrook, P.C.) hereby enters his appearance in the above-captioned case as counsel for Plaintiff Hector Fava.

Respectfully submitted,

SANDERS & WESTBROOK, PC

*/s/ Duff Westbrook*
Duff Westbrook
Brian L. Moore
102 Granite Ave. NW
Albuquerque, NM 87102
(505) 243-2243
d.sanderswestbrook@qwestoffice.net
b.sanderswestbrook@qwestoffice.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2016, a true and correct copy of the foregoing pleading was filed via the electronic filing service in place with the Court and served on all counsel of record via the electronic case filing system and sent via *electronic mail* to the below opposing counsel:

Meena H. Allen (mallen@srw-law.com)

*/s/ Duff Westbrook*
Duff Westbrook

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/19/2016 4:56:11 PM
James A. Noel
Brittany Tso

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

     Plaintiff,

v.                                 D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

     Defendants,

## CERTIFICATE OF SERVICE

     I HEREBY certify that Defendant, Liberty Mutual Insurance Corporation, erroneously identified as Liberty Mutual Insurance Company's Answers and Responses to Plaintiff's First set of Interrogatories and Request for Production, along with a copy of this Certificate of Service was mailed this 19th day of December, 2016 to:

     Brian L. Moore
     Sanders & Westbrook, PC
     102 Granite NW
     Albuquerque, NM 87102

                      Respectfully Submitted,

                      SIMONE, ROBERTS & WEISS, P.A.

                      /s/ Meena H. Allen_____
                      MEENA H. ALLEN
                      *Attorneys for Liberty Mutual Insurance Corporation*
                      1700 Louisiana Boulevard, NE, Suite 240
                      Albuquerque, New Mexico 87110
                      (505) 298-9400

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/20/2016 5:10:52 PM
James A. Noel
Janet Ashley

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

      Plaintiff,

v.                                           D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

      Defendants.

### DEFENDANT'S MOTION TO BIFURCATE, MOTION TO STAY AND MOTION FOR PROTECTIVE ORDER

Defendant, Liberty Mutual Insurance Company, ("Liberty Mutual" or "Defendant"), by and through its undersigned counsel of record, Simone, Roberts & Weiss, P.A., hereby submits its Motion to Bifurcate, Motion to Stay and Motion for Protective Order ("Motion") as follows[1]:

### BACKGROUND

This lawsuit arises from a water leak that occurred on or about August 18, 2015, at Plaintiff's home located in Albuquerque. Plaintiff, who is the homeowner, claims that he discovered water leaking from beneath his home. Plaintiff investigated the leak and subsequently contacted the City of Albuquerque to turn off the water into the home. Following the discovery of the leak, Plaintiff observed large cracks forming on several load-bearing walls within the home. According to the Complaint, those cracks were new and had not been present prior to the discovery of the water leak. Plaintiff contacted Liberty Mutual on August 18 or 19, 2015, to report the water leak and alleges that his claim for property damages was not properly handled or paid. After investigating the leak, Defendant issued a check to Plaintiff for covered damages. Thereafter, Plaintiff sued Liberty Mutual and the individuals who handled the claim

---

[1] Concurrence from opposing counsel was sought and denied.

1

for breach of contract and the covenant of good faith and fair dealing, violation of the Unfair Practices Act, and violation of the New Mexico Insurance Code. *See* Complaint. Plaintiff seeks actual, compensatory and consequential damages, punitive and/or treble damages, attorney's fees, and pre- and post-judgment interest. *Id.*

Liberty Mutual issued a Homeowner's policy to Plaintiff for his home located at 4203 Prince St. SE, Albuquerque, NM 87105 ("Policy"). The policy provided for coverages for dwelling with expanded replacement cost for limits of $160,800 and personal property with replacement costs for limits of $120,600. The remaining Defendants are individuals who investigated and handled the claim. The parties dispute as to whether, or not, all the damages asserted by Plaintiff arose from the subject water leak. For the reasons explained below, Defendant moves the Court to bifurcate the underlying property damage claim from the remaining, extra-contractual claims for an efficient and expeditious resolution of this case.

**ARGUMENT**

**I.     PLAINTIFF'S EXTRA-CONTRACTUAL CLAIMS ARE PREMATURE ABSENT A RESOLUTION OF THE OF THE DAMAGES AND COVERGE DISPUTE.**

Plaintiff seeks recovery under the following theories, which are extra-contractual in nature: breach of contract and the covenant of good faith and fair dealing (Count I), violation of Unfair Practices Act (Count II) and violation of New Mexico Insurance Code (Count III). *See* Complaint. However, before these claims can be properly adjudicated, Plaintiff must be able to show that the alleged property damage is covered under the Policy entitling him to coverage and that the value of his property damage claim exceeds the monies offered by Defendant. If this Court determines that Plaintiff did not sustain a covered loss or if it goes to the jury and the jury determines that this is not a covered loss, the remaining claims fail. The factual underpinnings of

the contract and the extra-contractual claims are distinct and separate and, without bifurcation, Defendant will be prejudiced trying both claims before a single jury.

To support claims for insurance bad faith, Plaintiff must demonstrate that there was "a frivolous or unfounded refusal to pay by the insurer." *Suggs v. State Farm Fire & Cas. Co*., 833 F.2d 883, 890 (10th Cir. 1987), *cert. denied*, 486 U.S. 1007 (1988); *Chavez v. Chenoweth*, 89 N.M. 423, 429, 553 P.2d 703, 709 (Ct. App. 1976); *State Farm Gen. Ins. Co. v. Clifton*, 86 N.M. 757, 759, 527 P.2d 798, 800 (1974).  The New Mexico Supreme Court explained:

> "[u]nfounded" in this context does not mean "erroneous" or "incorrect;" it means essentially the same thing as "reckless disregard," in which the insurer "*utterly* fails to exercise care for the interests of the insured in denying or delaying payment on an insurance policy."  It means an utter or total lack of foundation for an assertion of nonliability – an arbitrary or baseless refusal to pay, lacking any arguable support in the wording of the insurance policy or the circumstances surrounding the claim.  It is synonymous with the word with which it is coupled: "frivolous."

*Jackson Nat'l Life Ins. Co. v. Receconi*, 113 N.M. 403, 419, 827 P.2d 118, 134 (1992) (emphasis in original, internal citations omitted).

An insurer's incorrect decision to refuse benefits, without more is not enough to establish bad faith.  *Yumukoglu v. Provident Life & Acc. Ins. Co.*, 131 F.Supp.2d 1215, 1226 (DNM 2001); *United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 103 N.M. 480, 485, 709 P.2d 649, 654 (1985) (an insurer cannot act in bad faith when there are legitimate questions regarding the payment of benefits).  Thus, absent a finding that Defendant had no reasonable basis to dispute coverage or refuse the level of benefits sought, Plaintiff cannot proceed on the bad faith claim. *See Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 13, 135 N.M. ("the tort of insurance bad faith is fundamentally distinct from a claim for breach of contract . . .").

Similarly, Plaintiff's statutory claims cannot be established absent a coverage determination.  An insurer is allowed to evaluate claims and dispute coverage issues.  There is no

duty "to settle in all instances" nor is an insurer required to "settle cases they reasonably believe to be without merit or overvalued." *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 29.

For these reasons, the most streamlined approach is to resolve Plaintiff's property damage claims. It is counterintuitive that Plaintiff should be allowed to pursue his property damages claim simultaneously with any bad faith claims when the latter are dependent upon the resolution of the former. Thus, Plaintiff's extra-contractual claims are premature until there has been a determination as to whether the alleged damages to the property stem from the water leak and whether or not those damages are covered under the Policy.

Finally, whether or not the alleged damages to Plaintiff's home is a covered claim may be discovered promptly and quickly. The parties only need limited discovery to determine the damages to the property. Thereafter, Defendant believes that whether or not the alleged damages fall within the Policy will be determined by this Court in motion practice. A determination of the coverage issues is essentially one of contract construction. *See Essex Ins. Co. v. Vincent, 52 F.3d 894, 896* (10th Circuit 1995) ("a Court interprets an insurance contract by using traditional principals of contract interpretation"). This will require limited discovery which can be accomplished before the close of the discovery as set forth in the existing scheduling order. For example, what will be necessary are: an inspection of the subject home, deposition of plaintiff and the deposition of the experts identified in this case. If there are questions of fact precluding summary judgment, then those narrow issues can be presented to the jury. It would be inefficient for the parties and the Court to expend time and resources on the bad faith litigation when those extra-contractual claims are dependent upon the resolution of the damages dispute. Thus, Plaintiff's extra-contractual claims are premature until there has been a resolution of the declaratory judgment action and damages.

II.   **THE EXTRA-CONTRACTUAL CLAIMS AGAINST DEFENDANT SHOULD BE BIFURCATED AND SEVERED FROM THE UNDERLYING CLAIMS, AND ALL PROCEEDINGS INCLUDING DISCOVERY ON THE EXTRA-CONTRACTUAL CLAIMS SHOULD BE STAYED.**

"A trial judge may order bifurcation of a trial, or separate trial of any claim or separate issue, when separate trials will be conducive to expediting the cause and is in the furtherance of fairness and judicial economy." *Baum v. Orosco*, 106 N.M. 265, 273-74, 742 P.2d 1, 8-9 (Ct. App. 1987), citing Rule 1-042 NMRA.  In the present case, bifurcation of Plaintiff's claim for a determination of coverage under the Policy and property damages to his home from the remaining claims will expedite resolution of this case and is, therefore, in furtherance of fairness and judicial economy.

Plaintiff's claim for coverage and damages can be resolved expeditiously.  First, if the Court concludes that there is no coverage under the Policy for the alleged damages, then all other claims are rendered moot.  If on the other hand, this Court determines that there is a fact issue precluding summary judgment, then any of those narrow issues can be presented to the jury.  In the trial for damages, Plaintiff will simply have to present proof that there was a water leak which caused damages to his home and ask that the jury ascertain that the Policy covers the loss and the extent of his damages.  If the jury concludes that the home sustained damages that were either not covered under the Policy or that the loss did not trigger the subject damages, then no further proceedings may be necessary in this case, because none of the conduct by Defendant could have caused him any damages.

Bifurcation is appropriate for another reason.  The question of property damages and whether or not those are covered under the Policy is analytically completely distinct from Plaintiff's bad faith and statutory violation claims – the evidence needed to establish Plaintiff's damages as a result of the property damage loss will not overlap with the evidence Plaintiff will

5

seek to introduce to support his bad faith claims.  As noted above, to resolve the damages and coverage dispute, the parties need only present targeted evidence pertaining to the coverage and damages.  In contrast, to litigate the statutory claims, the parties will present voluminous evidence in an area of unsettled law in New Mexico that could confuse the jury and seriously prejudice Defendants.

Pursuant to Rule 1-042(B), "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim,...or of any separate issue...."  *See* Rule 1-042(B) NMRA.  Plaintiff has asserted contractual and extra-contractual claims together in the same action, and bifurcation and separate trials is necessary to avoid prejudice and undue delay.  Bifurcation of the claims would further the goals of expediting this matter and would be in the interest of judicial economy.  Additionally, all proceedings, especially discovery should be stayed pending the resolution of the underlying dispute.

The trial court is vested with broad discretion under Rule 1-042(B) to bifurcate proceedings to expedite the resolution of a case.  Doing so in this case is consistent with other jurisdictions that have bifurcated and stayed proceedings as to extra-contractual claims pending the resolution of a coverage dispute.  *See Bartlett v. John Hancock Mut. Life Ins. Co.*, 538 A.2d 997, 1002 (R.I. 1998), *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 672-73 (Tex. Ct. App. 1993); and *Garg v. State Auto. Mut. Ins. Co.*, 800 N.E.2d 757, 763-64 (Ohio Ct. App. 2003); *Dahmen v. American Family Mut. Ins. Co.*, 635 N.W.2d 1, 5-6 (Wis. Ct. App. 2001).

In *Bartlett*, the court concluded that ordering production of a claims file, including attorney-client privileged information, was improper because "there can be no cause of action for an insurer's bad faith refusal to pay a claim until the insured first establishes that the insurer

6

breached its duty under the contract of insurance." *Bartlett*, 538 A.2d at 1000.  The court explained the proper procedure was to bifurcate and sever the bad faith and breach of contract claims and stay the bad faith proceedings.  In the interests of justice and to afford complete discovery to all parties, the court held:

> [w]e recognize that a plaintiff may have an overwhelming need for the information in the claim file to enable him or her to prove his or her bad-faith claim.  That need, however, is outweighed by (1) the right of the insurer to defend itself first against the claim of breach of contract pursuant to the rules of civil procedure and (2) the fact that a bad-faith claim may not be maintained until the insurer is proven to have breached the contract of insurance.

*Bartlett*, 538 A.2d at 1002.

Similarly, in *Dahmen*, an insurance carrier sought bifurcation of plaintiff's breach of contract and bad faith claims and a stay of discovery "to prevent irreparable prejudice." *Dahmen*, 635 N.W.2d 1, 5 (Wis. Ct. App. 2001).  The court allowed bifurcation because:

> the considerations bearing on the bifurcation decision weigh in favor of bifurcation for the following reasons: (1) the failure to bifurcate a claim of bad faith from an underlying claim for UIM benefits would significantly prejudice American Family; (2) the two distinct claims present differing evidentiary requirements that increase the complexity of the issues and the potential for jury confusion; and (3) a separate initial trial on the claim of UIM benefits increases the prospect of settlement and promotes economy by narrowing the issues for the jury and potentially eliminating the need for a later trial on the bad faith claim.

*Dahmen*, 635 N.W.2d at 6-7.  *See also Garg*, 800 N.E.2d 757, 764 (Ohio Ct. App. 2003) (bifurcation of the bad faith claim and staying discovery is necessary to protect the attorney-client communications and attorney work-product from production in discovery); and *Millard*, 847 S.W.2d 668, 673 (Tex. Ct. App. 1993) (plaintiffs extra-contractual bad faith claims should be bifurcated and stayed while the uninsured motorist claim is pursued).

Here, bifurcation of the extra-contractual claims from the underlying dispute and staying the bad faith proceedings is in the interests of justice, will avoid unnecessary time and expense,

and will prevent irreparable prejudice to Defendants in defending extra-contractual claims while trying to resolve the underlying coverage and damages dispute.  Because Plaintiff's extra-contractual claims cannot stand until Plaintiff has shown that Liberty Mutual breached the contract in failing to cover all the damages Plaintiff claims from the loss and pay him benefits in the amount sought, the most efficient course is to first resolve this threshold question.

In addition, bifurcation will provide a just and efficient process for handling the targeting discovery needed to resolve the dispute, while avoiding more complex discovery issues concerning attorney-client privileged material, work product material, proprietary and confidential business information, and other extensive and burdensome discovery.

## III. THE COURT SHOULD ENTER AN ORDER PROTECTING DEFENDANT FROM DISCOVERY ON THE EXTRA-CONTRACTUAL CLAIMS PENDING RESOLUTION OF THE UNDERLYING DISPUTE.

Rule 1-026 allows the Court to make such discovery orders as are appropriate in the circumstances, including "any order which justice requires protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The predicate for such an order, of course is that good cause must be shown by the party seeking the order.  Defendant has shown that good cause, above and once again reiterates that it would be unduly prejudiced if it were to respond to the bad faith discovery.  If this Court grants the Motion to Bifurcate and Motion to Stay, Defendant will not have been put to the burden and expense of providing discovery that may never be required or the scope and breath of which may subsequently be limited after legal arguments and evidentiary hearings.  To preclude any waiver arguments, Defendant also request entry of a Protective Order protecting it from sanctions under Rule 1-037.

Rule 1-026 gives the trial court discretion to fashion orders that protect the parties with regard to discovery disputes.  New Mexico courts may make such orders as are necessary

according to the facts and issues in the case, having consideration for fairness to all the parties. *State ex rel. New Mexico State Hwy Comm'n. v. Taira*, 78 N.M. 276 (1968). Defendant respectfully requests entry of an appropriate order until the disposition of the coverage dispute or at least until the disposition of its Motion to Bifurcate and Motion to Stay Discovery.

## CONCLUSION

Bifurcation is prudent in the instant case. Bifurcation would preclude the requirement for extensive discovery including discovery of the claims file, deposition of the adjusters or retaining experts on bad faith issues. There would be no overlapping of evidence because the issue as to whether or not the damages alleged by Plaintiff is a covered loss under the Policy will be determined by this Court and/or the jury and the extra-contractual claims are premature pending the determination of the coverage issues.

WHEREFORE, Defendant respectfully requests that Plaintiff's claims for breach of contract and the covenant of good faith and fair dealing (Count I), violation of Unfair Practices Act (Count II) and violation of New Mexico Insurance Code (Count III) be bifurcated from Plaintiff's property damages claim. Likewise, all discovery regarding the bifurcated claims should be stayed and a protective order issued for any bad faith discovery propounded.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.


/s/ Meena H. Allen
MEENA H. ALLEN
*Attorneys for Defendant*
1700 Louisiana Boulevard, NE, Suite 240
Albuquerque, New Mexico 87110
(505) 298-9400

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of December, 2016, I filed the foregoing electronically through the Odyssey Electronic Service System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Service:

Brian L. Moore
Sanders & Westbrook, PC
102 Granite NW
Albuquerque, NM 87102


<u>/s/ Meena H. Allen_____</u>
Meena H. Allen

10

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/21/2016 5:31:52 PM
James A. Noel
Dora Bozovic

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HECTOR FAVA,

     Plaintiff,

v.                                                                  D-202-CV-2016-04682

LIBERTY MUTUAL INSURANCE COMPANY,
CLARENCE WEARMOUTH and SAL COLLINS,

     Defendants,

**LIBERTY MUTUAL INSURANCE COMPANY'S**
**FIRST REQUEST FOR INSPECTION**

Defendant, Liberty Mutual Insurance Company, by and through its undersigned counsel,

and pursuant to Rule 1-034 NMRA 2015, will view, photograph, videotape and inspect

Plaintiff's home located at 4203 Prince Street, S.E., Albuquerque, New Mexico 87105 on

January 24, 2017, at 9:00 a.m.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.

/s/ Meena H. Allen_____
MEENA H. ALLEN
*Attorneys for Liberty Mutual  Insurance*
*Company*
1700 Louisiana Boulevard, NE, Suite 240
Albuquerque, New Mexico 87110
(505) 298-9400

1

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 21st day of December, 2016, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian L. Moore
Sanders & Westbrook, PC
102 Granite NW
Albuquerque, NM 87102


/s/ Meena H. Allen
Meena H. Allen