IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR FAVA and BARBARA FAVA,

    Plaintiffs,

v.                                                                       1-17-cv-00456-WJ-LF

LIBERTY INSURANCE CORPORATION,

    Defendant.

**ORDER DENYING NONPARTY RIMKUS CONSULTING GROUP, INC.'S
MOTION TO OBTAIN EXPERT WITNESS FEES**

THIS MATTER comes before the Court on Nonparty Rimkus Consulting Group, Inc.'s, ("Rimkus") Motion to Obtain Expert Witness Fees filed October 2, 2017. Doc. 33. Rimkus filed a supplement to its motion on November 15, 2017 that included deposition testimony of Roderick Rennison and Thomas Parco. Docs. 39, 39-1, 39-2. Plaintiffs Hector and Barbara Fava filed their response to Rimkus's motion on December 7, 2017. Doc. 42. Rimkus filed its reply on December 21, 2017 (Doc. 45) and a notice of completion of briefing on January 2, 2018 (Doc. 46). Defendant Liberty Mutual Insurance Company ("Liberty Mutual") did not take a position on the motion or participate in the briefing. Having reviewed the submissions of the parties and the case law, the Court finds that the motion is not well taken and will be DENIED.

    **I.**        **Background Facts and Procedural Posture**

This case arises from water damage to plaintiffs' residence. Plaintiffs filed a claim with their insurance company, defendant Liberty Mutual. During the claims process, and prior to any litigation, Liberty Mutual retained Rimkus to evaluate the origin of the water damage to plaintiffs' residence. Roderick Rennison and Thomas Parco were the Rimkus employees tasked with evaluating plaintiffs' residence and preparing a report for Rimkus' client, Liberty Mutual.

Rennison is a licensed professional engineer and Parco is a registered architect.[1]  Rimkus is not a party to this action.

Plaintiffs subpoenaed both Rennison and Parco for depositions in this case.  In addition to the subpoena, plaintiffs supplied Rennison and Parco with a check for witness fees pursuant to FED. R. CIV. P. 45 (b)(1) and 28 U.S.C. § 1821.[2]  Doc. 33-1 (Rennison); Docs. 33-4, 33-7(Parco).  When it received the subpoenas, Rimkus submitted a bill to plaintiffs' counsel that reflects an expert witness fee for Rennison and Parco's depositions.  Docs. 33-2, 33-3 at 2 (Rennison); Docs. 33-5, 33-6 at 2 (Parco).  Plaintiffs' counsel advised Rimkus that Rennison and Parco had not been identified as expert witnesses by either party in this case.  Doc. 33-3 at 1 (Rennison); Doc. 33-6 at 1 (Parco).  Plaintiffs' counsel advised Rimkus that "[as fact witnesses], the amount of [Rennison and Parco's] witness fee is set by federal law."  *Id.*  The parties could not come to an agreement, and they sought the assistance of the Court.  Doc. 27.  Following a telephonic hearing, the Court ordered the depositions of Rennison and Parco to go forward, but it reserved ruling on whether the deponents or Rimkus were entitled to an expert witness fee.  Doc. 30.

Rimkus now seeks expert witness fees for Rennison's and Parco's deposition testimony.  Rimkus contends that Rennison and Parco are entitled to a reasonable fee because they have been called upon to testify as expert witnesses under the Federal Rules of Civil Procedure.  Plaintiffs counter that Rennison and Parco are fact witnesses, not expert witnesses, in this case.  Thus, they are entitled only to those fees provided for in the federal rules and statutes.

---

[1] At the time they performed the inspection of plaintiffs' residence and prepared their report, neither Rennison nor Parco held a professional engineering license in the United States.  Doc. 42 at 2.

[2] Federal Rule of Civil Procedure 45 provides that a subpoena requiring a person's attendance must include fees for one day's attendance and the mileage allowed by law.  FED. R. CIV. P. 45 (b)(1).  Section 1821 of Title 28, United States Code, states that a witness who attends a deposition shall be paid an attendance fee of $40 per day for each day's attendance and a mileage allowance.  28 U.S.C. §§ 1821(b), (c)(2).

**II.     Discussion**

To decide whether the Rimkus witnesses are entitled to a reasonable fee, the Court must determine whether Rennison and Parco are testifying as expert witnesses or fact witnesses. Federal Rule of Civil Procedure 26 sets out the parameters for the disclosure of and discovery from expert witnesses. Federal Rules of Civil Procedure 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[3] The Advisory Committee Notes explain that "the term 'expert' [refers] to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters." FED. R. CIV. P. 26, Advisory Committee Notes to paragraph 2 (1993 Amend.). Federal Rule of Evidence 702, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 26 allows a party to depose a person who has been identified as an expert whose opinions may be presented at trial. FED. R. CIV. P. 26(b)(4). Rule 26 further requires that the party seeking discovery "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)," which governs depositions. FED. R. CIV. P. 26(b)(4)(E)(i).

---

[3] Federal Rule of Evidence 703 governs the basis of an expert's opinion testimony, and Rule 705 governs disclosing the facts or data underlying an expert's opinion. These Rules are not at issue, nor do they assist the Court in determining whether the Rimkus witnesses are expert or fact witnesses. Accordingly, the Court will not discuss Rules 703 or 705.

The Tenth Circuit, in interpreting the scope of discovery permitted under Rule 26(b)(4), has recognized that subdivision (b)(4) separates experts into four categories, applying different discovery limitations to each:

> (1) Experts a party expects to use at trial. The opponent may learn by interrogatories the names of these trial witnesses and the substance of their testimony but further discovery concerning them can be had only on motion and court order.
>
> (2) Experts retained or specially employed in anticipation of litigation or preparation for trial but not expected to be used at trial. Except as provided in FED. R. CIV. P. 35 for an examining physician, the facts and opinions of experts in this category can be discovered only on a showing of exceptional circumstances.
>
> (3) Experts informally consulted in preparation for trial but not retained. No discovery may be had of the names or views of experts in this category.
>
> (4) Experts whose information was not acquired in preparation for trial. This class, which included both regular employees of a party not specially employed on the case and also experts who were actors or viewers of the occurrences that gave rise to suit, is not included within Rule 26(b)(4) at all and facts and opinions they have are freely discoverable as with any ordinary witness.

*Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 500–01 (10th Cir.1980).

Here, Rennison and Parco fall into the last category. First, neither party has designated Rennison or Parco as an expert witness they intend to use at trial. The deadline to identify experts and provide expert reports has passed. *See* Doc. 37. Accordingly, Rennison and Parco will not—and at this point cannot—be called upon to offer expert testimony under Rule 702 in this case. Because Rennison and Parco have not been designated as expert witnesses under Rule 26, they will be restricted to testifying to the facts based on personal knowledge. That is not to say that Rennison and Parco may not testify with regard to knowledge that they acquired based on their expertise. The dispute, however, is over the quality of Rennison's and Parco's work,

and whether Rennison and Parco provided an expert opinion upon which Liberty Mutual could rely in good faith.

Second, neither Rennison nor Parco were retained or specially employed in anticipation of litigation or preparation for trial, nor were they informally consulted in preparation for trial but not retained. Rennison and Parco prepared a report prior to litigation that Liberty Mutual relied on to deny plaintiffs' claim for insurance coverage. "It is because of that reliance that Mr. Rennison and Mr. Parco are involved in this case." Doc. 42 at 3.[4]

Rennison and Parco fall into the last category of experts because their information was not acquired in preparation for trial. They are "actors or viewers of the occurrences that gave rise to suit." *Ager*, 622 F.2d at 501. They conducted an inspection on the plaintiffs' home and prepared a report for Liberty Mutual. Plaintiffs allege that Liberty Mutual relied on the Rimkus report in bad faith to deny plaintiffs' claim. Because the Rimkus witnesses are "experts whose information was not acquired in preparation for trial," the "facts and opinions they have are freely discoverable as with any ordinary witness." *Id.* Thus, Rennison and Parco are not entitled to a reasonable expert fee for their deposition testimony. Rather, they were properly paid "as with any ordinary witness" a fee of $40 per day and $0.54 per mile in accordance with Federal Rule of Civil Procedure 45(b)(1) and 28 U.S.C. §§ 1821(b) and (c)(2).

Rimkus argues that although they have not been designated as experts, they should nevertheless receive a reasonable fee as demonstrated by the cases cited in their briefing. Doc. 33 at 6–11 (citing *Lamere v. New York State Office For The Aging*, 223 F.R.D. 85 (N.D.N.Y.

---

[4] Rimkus mentions that Rennison and Parco prepared a supplemental report containing "a full analysis supporting Rimkus's response to the Plaintiff's engineer's report." Doc. 33 at 3, n.2. Plaintiffs made no inquiry into the contents of the Supplemental Report at the depositions of these witnesses because its contents had no impact on Liberty Mutual's denial of plaintiffs' claim for insurance coverage between August 2015 and July 2016. Doc. 42 at 4, n.2.

2004), aff'd, No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004); *Mock v. Johnson*, 218 F.R.D. 680 (D. Haw. 2003); *Grant v. Otis Elevator Co.,* 199 F.R.D. 673 (N.D. Okla. 2001); *Hoover v. United States*, No. 01 C 2372, 2002 WL 1949734 (N.D. Ill. Aug. 22, 2002); *Bovey v. Mitsubishi Motor Mfg. of Am. Inc*., No. 00-1402, 2002 WL 820670 (C.D. Ill. Apr. 3, 2002); *Coleman v. Dydula*, 190 F.R.D. 320 (W.D.N.Y. 1999)). These cases are not persuasive for a number of reasons. First, none of the cases are Tenth Circuit decisions, and they are not binding on this Court. Second, none of the cases cited by Rimkus involve engineers or architects. Instead, all of the cases discuss whether a treating physician is entitled to an expert witness fee. The Court, like the plaintiffs, has been unable to find a case that requires a party to pay expert witness fees to an engineer or similar professional who was personally involved in the events that gave rise to the lawsuit, but who was not designated as an expert.

Third, even the cases cited by Rimkus acknowledge a split among the courts as to whether a treating physician is entitled to an expert witness fee. *See Lamere*, 223 F.R.D. at 91; *Mock*, 218 F.R.D. at 682; *Grant,* 199 F.R.D. at 675; *Hoover*, 2002 WL 1949734 at *6; *Bovey*, 2002 WL 820670 at *2; *Coleman v. Dydula*, 190 F.R.D. at 323. Although the Court need not delve into the debate about whether a treating physician is entitled to an expert witness fee as neither Rennison nor Parco are treating physicians, the Court is more persuaded by the line of cases that hold that treating physicians are not automatically entitled to reasonable fees merely by virtue of their profession.[5] *See Demar v. United States*, 199 F.R.D. 617, 619–20 (N.D. Ill.

---

[5] Rimkus also directs the Court's attention to *Chavez v. Board of Ed. of Tularosa Municipal School, et al*., No. Civ. 05-380 JB/RLP, Doc 113 (D.N.M. Feb. 16, 2007), and attaches the decision to its brief as Exhibit H. Doc. 33 at 10, n.4. *Chavez*, however, is distinguishable from this case in that the expert at issue there was wholly unfamiliar with the facts and circumstances of the case, and her testimony was being used solely to establish a comparative standard. *Chavez*, No. Civ. 05-380 JB/RLP, Doc. 113 at 2, 3, 5. In other words, the plaintiffs in *Chavez* were attempting to obtain expert testimony without retaining the expert. *Id.* at 1. Here, both

2001); *McDermott v. FedEx Ground Systems, Inc.*, 247 F.R.D. 58 (D. Mass. 2007). I find that Rennison and Parco are fact witnesses and will not be testifying as experts under Rule 702 of the Federal Rules of Evidence. They therefore are not entitled to reasonable expert fees for their deposition testimony under Federal Rule of Civil Procedure 26(b)(4)(E)(i).

      IT IS THEREFORE ORDERED that Nonparty Rimkus' Consulting Group, Inc.'s, Motion to Obtain Expert Witness Fees is DENIED.

                                      _____
                                      Laura Fashing
                                      United States Magistrate Judge

---

Rennison and Parco have knowledge of the facts and circumstances regarding Liberty Mutual's denial of the plaintiffs' claim and can testify to the facts surrounding their investigations of the plaintiffs' residence, and the opinions they formed as a result of those investigations. Their information was not acquired in preparation for trial. Instead, they were participants in the events that gave rise to this lawsuit. Although they certainly have expertise, they are not expert witnesses under Rule 26(b)(4).