IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HECTOR FAVA and BARBARA FAVA,

    Plaintiffs,

    v.                                            No. 17cv00456 WJ/LF

LIBERTY MUTUAL INSURANCE
CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## REGARDING PLAINTIFFS' EMOTIONAL INJURY CLAIMS AND DAMAGES

THIS MATTER comes before the Court upon a Motion for Summary Judgment Regarding Plaintiffs' Emotional Injury Claims and Damages, filed by Defendant Liberty Insurance Corporation ("Liberty" or "Defendant") on June 1, 2018 **(Doc. 66)**. Having reviewed the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

### BACKGROUND

In this motion, which is one of several pending in this case, Liberty seeks summary judgment with respect to Plaintiffs' claims for emotional injury claims and damages. The lawsuit arises out of Plaintiffs' claims for damages under a Homeowners Policy ("Policy") issued by Liberty to Mr. Fava. Mr. and Mrs. Fava ("Plaintiffs" or the "Favas") allege property damages to their home stemming from a water leak under their home. Plaintiffs filed the Complaint on July 29, 2016 in the Second Judicial District Court, County of Bernalillo, and Liberty removed the case

to federal court under diversity jurisdiction on April 17, 2017. The Complaint asserts four claims for relief against Defendant:

> Count I: Breach of Contract and the Covenant of Good Faith and Fair Dealing;
> Count II: Violation of Unfair Practices Act;
> Count III: Violation of New Mexico Insurance Code; and
> Count IV: Negligence.

Defendant moves for summary judgment on Plaintiffs' claims for emotional injury and damages. Defendant argues that emotional distress damages are not recoverable in New Mexico on a breach of contract claim, particularly where such damages allegedly arise from non-intentional property damage.

## I. Relevant Facts[1]

Defendant issued a "LibertyGuard Deluxe" Homeowner's Insurance Policy to Plaintiffs for the policy period of February 10, 2015-February 10, 2016, bearing policy number H37-298-592225-40, insuring Plaintiffs' Albuquerque residence located at 4203 Prince Street SE, Albuquerque, NM 87105.

According to the Complaint, on August 18, 2015, a pipe in the crawlspace underneath Plaintiffs' home burst, flooding the home's crawlspace with several inches of standing water. Plaintiffs took action to stop the leak and report the incident to Plaintiffs' insurer, Liberty. The water from the burst pipe caused the floor in Plaintiffs' kitchen and living room to begin sloping downward and large cracks to form in several load-bearing walls in the home. The Favas reported the damage to Liberty. Plaintiffs assert that Liberty repeatedly denied coverage of Plaintiffs' claim based on inadequate investigations of the cause of the damage to the home as well as its

---

[1] The facts are undisputed unless otherwise noted. The parties submitted separate binders containing exhibits that are relevant to all pending motions in the case. In these binders, Plaintiffs' exhibits are numbered; Defendant's exhibits are lettered. In addition, specific exhibits are attached to each of the pending motions and thus, an exhibit may be referred to either by its number or letter, or by its document number, for example, Doc. 67-4 is the same as Deft's Ex. H. The Court will omit references to exhibits unless necessary.

misrepresentations about those investigations. Since August 2015, Plaintiffs' home has had a 10' diameter hole in the living room, made when Liberty performed its inspection of the damage to Plaintiffs' home. Plaintiffs claim that their home continues to deteriorate and they that they have been unable to use a significant portion of their home since that time because of Liberty's improper denial of coverage and mishandling of their claim. Defendant denies Plaintiffs' contentions. Following the reported water loss, Liberty retained independent adjusters to inspect the water loss and also retained an engineer to inspect the water loss and report the findings. Based on those findings and the damages associated with the water leak, Defendant claims it paid what was owed under the policy.

In their Additional Material Facts section, Plaintiffs offer language from the policy to support its claim for emotional distress damages, such as: (1) Liberty's motto in their 2012 introductory letter that reads, "Helping People Live Safe, More Secure Lives." Ex. 3; (2) Liberty letter dated Feb. 9, 2012 stating that the company was "committed to doing our best to exceed your expectations" and that it was "there to provide you with the sense of safety and security you can depend on." *Id.* Plaintiffs rely on this language to show that they had the reasonable expectation that their Homeowners Policy was intended to ensure their peace of mind that any claim they made would be handled fairly and paid promptly, and without misrepresentations. Defendant contends that such language is irrelevant and immaterial to the legal issue of entitlement to emotional distress damages. The Court finds this information (*see* Add'l Facts A-F, I, K-L) somewhat relevant to Plaintiffs' argument that the nature of Plaintiffs' contract with Liberty was of the kind where emotional distress damages were contemplated, although that argument ultimately fails.

The Court finds that Plaintiffs' Additional Facts H and J (description of damage to house and insomnia/stress suffered by Plaintiffs) are irrelevant to the legal issue of entitlement of

emotional distress damages under New Mexico law, and tend to establish that Plaintiffs' claims arise out of damage to property damage—which would not entitle Plaintiffs to emotional distress damages. Finally, Plaintiffs' Additional Fact G purports to use Liberty claim notes (Ex. 5) to prove that the Favas suffered emotional distress, but the notes merely state that the Favas were "not happy" about Liberty's denial of the claim. The Court agrees with Defendant that Additional Fact G is not supported by Plaintiffs' citation to the record and so will not be considered by the Court.

Plaintiffs acknowledge that they allege "garden variety" type emotional distress damages arising from the property loss at their home, but state that they also seek damages in addition to those related to property damages, namely the emotional distress damages related to the "bad faith" handling of their insurance claim. Whether Plaintiffs may recover such damages is the sole question in this motion.

## II. Legal Standard

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When applying this standard, a court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*,

165 F.3d 1321, 1326 (10th Cir. 1999), abrogated in part on other grounds *Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014). A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). Instead, the nonmoving party must present facts such that under the applicable law, a reasonable jury could find in its favor. *Id*. That is, the nonmovant needs to "present evidence from which a jury might return a verdict in his favor." *Liberty Lobby*, 477 U.S. at 257.

In this case, the Court finds that the relevant material facts are largely undisputed, but the parties differ on the legal significance of the facts. *See Rummel v. Lexington Ins. Co.*, 123 N.M. 752, 758 (1997) (summary judgment is appropriate where no facts are in dispute, but only the legal significance of the facts).

## DISCUSSION

Defendant seeks summary judgment on Plaintiffs' emotional injury claims and damages because emotional distress damages are generally not recoverable for non-intentional damage to property or for breach of contract claims. Plaintiffs contend that New Mexico law does permit recovery of emotional distress for all their claims, including breach of contract and negligence claims, primarily because of the "bad faith" component underlying their claims. *See* Doc. 75 at 10.[2]

### I. Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing

---

[2] Count I alleges an "intentional, malicious, wanton, willful or . . . reckless disregard" of Plaintiffs' contractual rights; Count II and III allege "willful" violations of the Unfair Practice Act and the Insurance Code; and Count IV asserts that Liberty acted negligently and in "bad faith."

In Count I, Plaintiffs assert both a breach of contract and the associated covenant of good faith and fair dealing by failing to investigate Plaintiffs' claims and by denying Plaintiffs' claims under the Policy for frivolous or unfounded reasons.

The standard remedy for breach of the covenant is on the contract itself. *See Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 439, 872 P.2d 852, 857 (N.M. 1994). The exception to this rule is in the insurance context: most courts permit a plaintiff to sue in tort for breach of the covenant in insurance actions based on the nature of the "special relationship" between the parties. New Mexico law would therefore govern the availability of emotional distress damages not only for any tort remedy sought under the breach of covenant claim but also for the negligence claim in Count IV. The discussion in this section, however, applies to Plaintiffs' contractual claims.[3]

New Mexico has limited the availability of emotional distress damages in civil actions to the following circumstances:

> . . . intentional infliction of emotional distress, in connection with certain intentional economic torts, and in contractual situations where the specialized nature of the contract naturally contemplated that reasonable care would be taken to avoid the infliction of severe emotional distress . . . New Mexico does not recognize negligent infliction of emotional distress as a cause of action except for bystander liability.

*Akutagawa v. Laflin, Pick & Heer, P.A.*, 2005-NMCA-132, ¶ 21, 138 N.M. 774, 779, 126 P.3d 1138, 1143; *Andrews v. Stallings,* 119 N.M. 478, 491, 892 P.2d 611, 624 (Ct.App.1995) (stating that "[t]o recover for the intentional infliction of emotional distress" a plaintiff must show that the defendant's conduct was extreme and outrageous, and was done recklessly or with the intent to cause severe emotional distress). Also, a claim for negligent infliction of emotional distress

---

[3] Of course, should Plaintiffs prevail on both the breach of contract/covenant and negligence claims, they could not recover on both. *See, e.g., Sloan v. State Farm Mut. Auto. Ins. Co*., 360 F.3d 1220, 1230–31 (10th Cir. 2004) (affirming court's decision that damages awarded to plaintiff under both contract and tort as arising solely from insurer's breach of contract instead of from any of its various negligent acts).

requires some physical manifestation of, or physical injury, to the plaintiff resulting from the emotional injury. *Folz v. State*, 1990-NMSC-075, ¶ 33, 110 N.M. 457, 468, 797 P.2d 246, 257.

For contract actions, damages for emotional distress or mental anguish may be recovered where such damages were within the contemplation of the parties at the time the contract was made. "Burial cases furnish the most obvious example of cases in which the contract for decent treatment of a body seems to guarantee not merely a price but proper respect for feelings of survivors, so that emotional distress damages would seem to be recoverable." 3 Dan B. Dobbs, *Law of Remedies* § 12.5(1), at 110 (2d ed. 1993) (citing *Lamm v. Shingleton,* 231 N.C. 10, 55 S.E.2d 810, 813 (1949)).

In *Flores v. Baca*, a decedent'a wife and children brought action against a funeral direction for failing to completely embalm the decedent's body as required by the contract for funeral services. 117 N.M. 306, 311 (1994). In that case, the New Mexico Supreme Court found that an emotional distress claim was within the contemplation of the parties in forming that contract because consolation of the deceased's family members was the aim of such a contract. 117 N.M. 306, 311 (1994). Thus, damages for mental anguish were appropriate:

> [w]here the contract is personal in nature and the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the sensibilities of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, and it should be known to the parties from the nature of the contract that such suffering will result from its breach, compensatory damages therefor may be recovered.

*Flores v. Baca*, 117 N.M. at 311 (cited case omitted); *see also Greene v. Bank of America,* 2014 WL 11497813, at *11-12 (D.N.M. April 7, 2014); *see also* 3 Dan B. Dobbs, *Law of Remedies* § 12.5(1), at 110 (2d ed. 1993) (citing *Flores,* 117 N.M. at 311).

Emotional distress damages are recoverable in an insurance contract breach only in specific instances. In *Woodmen Accident & Life Ins. Co. v. Bryant,* the Tenth Circuit upheld the trial court's

7

denial of emotional distress damages for an alleged breach of an insurance contract, finding that emotional distress is not recoverable under a contract claim, unless the breach causes bodily harm, or unless the contract or the breach is of such a kind that serious emotional disturbance is a particularly likely result. 784 F.2d 1052 (10th Cir. 1986) (citing *Restatement (Second) of Contracts* § 353 (1981). That court also found that under New Mexico law, plaintiff's sleeplessness did not qualify as a physical injury constituting an exception to the recovery rule. The court also acknowledged that while there was no New Mexico precedent on the issue, the majority of jurisdictions agreed with the court's position. *Id.* at 1056-57 (citing cases).

Plaintiffs claim that since *Woodmen* was decided, New Mexico courts have since addressed the issue, but the case they offer does not depart from the current state of the law in New Mexico. In *Jimenez v. Found. Reserve Ins. Co.,* the case offered by Plaintiffs, the New Mexico Supreme Court addressed stacking in automobile coverage in the context of medical payments coverage. 107 N.M. 322 (1988). The court in that case mentioned the "peace of mind" which an insured purchases by paying the premium for medical coverage, but there is no mention or discussion of emotional distress damages in the decision and so *Jimenez* is irrelevant to the issue here. Plaintiffs also seem to ignore both *Flores* and *Akutagawa* which sets out New Mexico law on the recovery of emotional distress damages more recently than the *Woodmen* decision.

Plaintiffs contend that Liberty's obligation under the policy is analogous to the funeral director's obligation in *Flores* that was coupled with matters of mental concern and peace of mind, and that Liberty would have foreseen that mishandling the Favas' claim would result in mental anguish. The argument fails for two reasons. First, the sense of security one has knowing one's house in insured is very different from the mental concerns one has with funeral matters; the latter is more personal in nature. It is fair to say that the damage resulting from the flood in the Favas'

home would have caused Plaintiffs considerable distress and trauma, but it is not the same as viewing the results of negligent mishandling of the corpse of a loved one. The purpose of the Liberty policy was to protect the Favas' property.

The limited circumstances identified in *Akutagawa* and *Flores* are not present in this case. The insurance contract between Plaitiffs and Liberty is not of such a specialized nature that it "naturally contemplated that reasonable care would be taken to avoid the infliction of severe emotional distress." *See Flores,* 117 N.M. at 311 ("Contracts for funeral and burial services are imbued by the very nature of their subject with certain expectations to be implied in fact unless specifically disclaimed."). Second, Plaintiffs have not suffered any physical injury, which would be another way to be entitled to recover emotional distress damages under New Mexico law. Plaintiffs also frame the issue as one of consequential damages flowing from a breach of contract and the covenant of good faith and fair dealing. *See* Doc. 75 at 6. In a contract action, a defendant is liable for those consequential damages that were objectively foreseeable as a probable result of his or her breach when the contract was made and include those losses that may be caused by the absence of performance of the contract. *Sunnyland Farms v. Cent. N.M. Elec. Coop., Inc*., 2013-NMSC-017, ¶16, 301 P.3d 387. In *Sunnyland Farms,* the court found that the tomato farm could not recover lost profits as consequential damages because there was no evidence that defendant Electric Cooperative should have known that the farm had a particular vulnerability to fire at the farm. Plaintiffs offer the *Sunnyland* case to argue that they are entitled to emotional distress damages, but the case does not address emotional distress damages at all. The case discusses only "consequential damages" such as lost profits. As explained elsewhere:

> Damages for breach of contract are intended to put the aggrieved party in the same economic position he would have been in if the contract had been performed. This includes all *actual economic injury* that the breaching party had reason to know would arise from the breach, both direct or general damages ...

9

and consequential damages, consisting of other economic injury the breaching party would have had reason to foresee as a probable result of the breach."

*O'Toole v. Northrop Grumman Corp.*, 305 F.3d 1222, 1225 (10th Cir. 2002) (New Mexico law) (emphasis added). Thus, Plaintiffs offer nothing to show that they can recover emotional distress damages as a category of consequential damages, nor do they offer any legal support for the recovery of emotional distress damages under a contract theory.

## II. Negligence Claims

For common negligence claims, a plaintiff in New Mexico cannot recover separate, additional damages for emotional distress. As discussed above, only specific torts allow recovery of emotional distress damages, such as intentional infliction of emotional distress. *See Akutagawa,* 138 N.M. at 779; *Folz,* 110 N.M. at 468. Defendant relies on *Castillo v. City of Las Vegas* which the Court finds helpful in setting out current law on recovery of emotional distress damages in New Mexico even though it is not an insurance case, because it is factually analogous to Favas' predicament in this case. 145 N.M. 205, 210 (2008). In *Castillo,* a property owner and his live-in partner brought an action against the city to recover for damages caused by a second sewer backup. The plaintiff acknowledged that he did not suffer a physical injury, but stated that he felt "terrible – just like losing part of the family." Nevertheless, the court found that plaintiff's case "more closely resembles cases in which the courts have determined that a plaintiff's loss can be adequately compensated by economic damages." *Castillo,* 145 N.M. at 212. The *Castillo* case is factually similar to this case. The Court certainly does not discount the turmoil and upset the Favas claim to suffer, but they arise from damage to their property and they have suffered no physical injury. Plaintiffs are therefore not legally entitled to emotional distress damages under New Mexico law.

Plaintiffs make several arguments, insisting that emotional distress damages are allowed in this case. The Court discusses each of them in turn.

A.     Plaintiffs Challenge *Castillo*

First, Plaintiffs contend that *Castillo* actually supports their position that emotional anguish damages are recoverable in bad faith actions, Doc. 75 at 11, but *Castillo* does not say that at all. What the court actually stated is that the New Mexico Supreme Court has "consistently allowed recovery for emotional harm in intentional tort cases." *Castillo*, 145 N.M. at 212. The *Castillo* case explains:

> Our courts have limited the availability of damages for emotional distress. . . Such damages are available for plaintiffs who prevail on a claim for negligent or intentional infliction of emotional distress. *See Baldonado v. El Paso Natural Gas Co.,* 2008–NMSC–005, ¶ 27, 143 N.M. 288, 176 P.3d 277 (intentional infliction of emotional distress); *Fernandez v. Walgreen Hastings Co.,* 1998–NMSC–039, ¶ 6, 126 N.M. 263, 968 P.2d 774 (negligent infliction of emotional distress). In addition, compensation for emotional distress is permitted when a plaintiff establishes loss of consortium, intentional misconduct, defamation, or a physical injury. *See Romero v. Byers,* 117 N.M. 422, 425, 426, 872 P.2d 840, 843, 844 (1994) (loss of consortium); *Chavez v. Manville Prods. Corp.,* 108 N.M. 643, 649, 777 P.2d 371, 377 (1989) (intentional torts); *Marchiondo v. Brown,* 98 N.M. 394, 402, 649 P.2d 462, 470 (1982) (defamation); *Higgins v. Hermes,* 89 N.M. 379, 381, 552 P.2d 1227, 1229 (Ct.App.1976) (physical injury).

*Castillo*, 145 N.M. at 210-11. The court then examined the specific circumstances that would allow a plaintiff to recover for emotional distress based on property damage under New Mexico law and found that these situations were limited to: physical injury, bystander recovery (negligent infliction of emotional distress) and *intentional* misconduct by a defendant, such as retaliatory discharge. 145 N.M. at 214; *see Chavez v. Manville Prods. Corp.,* 108 N.M. 643,649 (1989) (recognizing retaliatory discharge as an intentional tort). *Castillo* cannot be read by any stretch to mean that damages for emotional distress are recoverable in bad faith actions. The case does mention "bad faith" nor does it suggest that "bad faith" claims should be categorized as intentional torts. Thus, Castillo is completely irrelevant to Plaintiffs' argument; however, it does support Defendant's position that emotional distress damages are not recoverable for claims of property damage, regardless of whether a plaintiff labels it as a "bad faith" claim.

B.  Negligence as an "Intentional" Tort?

Plaintiffs maintain that alleging "bad faith" within their negligence claim entitles them to a recovery of damages for emotional distress. Doc. 75 at 10 ("Plaintiffs' claims for "bad faith" are encompassed by all of the counts in Plaintiffs' First Amended Complaint").[4] Specifically, they contend that Defendant has mischaracterized their bad faith claim as a negligence claim, when it is really a "non-contract based bad faith claim" which entitles them to a recovery of emotional distress damages. Doc. 75 at 5. This is puzzling to the Court, since Count IV plainly alleges "Negligence," *see* Doc. 1-3, which is not an intentional tort, nor is it one of the specific torts for which emotional damages are available under New Mexico law. *Akutagawa,* 138 N.M. at 779 ("mere negligence" in legal malpractice claim is not sufficient for emotional distress damages . . . [t]here must be a direct violation of the plaintiff's rights by willful, wanton or malicious conduct. . . ."), cited in *Castillo v. City of Las Vegas*, 2008-NMCA-141, ¶ 27, 145 N.M. 205, 212, 195 P.3d 870, 877.

Plaintiffs attempt to recast their negligence claim as an intentional tort, but they offer no New Mexico case which holds that a negligence claim converts to an intentional tort simply because a plaintiff alleges that the defendant acted in "bad faith." This argument therefore fails.

C.  "Bad Faith" Claims and Damages

Plaintiffs argue that emotional distress damages are available if Defendant acted in "bad faith." This argument dovetails into Plaintiffs' previous argument that their negligence claim morphs into an intentional tort because they allege that Defendant allegedly acted in "bad faith."

---

[4] Because Counts II and III are statutory-based, the Court assumes that Plaintiffs' argument in this section refers only to the alleged negligence claim in Count IV. However, to the extent that Plaintiffs contend that the statutory claims are also "bad faith" claims, this discussion would apply to those claims as well.

Plaintiffs conflate punitive damages with emotional distress damages. *See* Doc. 75 at 11 ("As the Sloan court recognized, 'such reckless disregard supports a claim for *punitive* damages'") (emphasis added). They rely on cases that are irrelevant because they set out black letter law regarding the insurer's duty of good faith, *see* Doc. 75 at 10, but are silent on the topic of emotional distress claims. *See, e.g., Sherrill v. Farmers Ins. Exch.*, 2016-NMCA-056, ¶ 36, 374 P.3d 723, 732 (citing *Sloan v. State Farm Mut. Auto. Ins. Co.*, 360 F.3d 1220, 1224 (10th Cir. 2004) ("In most cases, evidence of *bad faith* sufficient to present the case to the jury will warrant an instruction on *punitive damag*es because it could support a culpable mental state") (emphasis added).[5]

Under New Mexico law, allegations of a culpable state allow a plaintiff to recover punitive damages, but they do not constitute one of the limited circumstances in which a plaintiff may recover emotional distress damages.

D. <u>Cases From Other Jurisdictions</u>

Plaintiffs have managed to unearth a few cases from other jurisdictions to argue that their claims entitle them to a recovery of emotional distress damages. *See, e.g.,Patel v. United Fire & Cas. Co.*, 80 F. Supp. 2d 948, 957 (N.D. Ind. 2000) (emotional distress damages allowed in the case of an intentional tort which would foreseeably provoke an emotional disturbance of the kind normally to be aroused in the mind of a reasonable person); *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 295 (Miss. 1992) (Bad faith is considered an independent tort allowing damages for

---

[5] *See also Woodmen Acc. & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1057 (10th Cir. 1986) (punitive damages may be awarded in New Mexico for the bad faith denial of an insurance claim) (*State Farm General Insurance Co. v. Clifton*, 86 N.M. at 759, 527 P.2d at 800–01*); Jackson Nat. Life Ins. Co. v. Receconi*, 113 N.M. 403, 418–19 (1992) (concluding that insurer's refusal to pay on policy did not support a judgment for punitive damages); *Sloan v. State Farm Mut. Auto. Ins. C*o., 2004-NMSC-004, 135 N.M. 106, 85 P.3d 230) (under New Mexico law, punitive damages are available in order to recover punitive damages for an insurer's failure to settle or pay, even without a showing of a culpable mental state), overruling *Teague–Strebeck Motors, Inc. v. Chrysler Ins. Co*., 127 N.M. 603, 985 P.2d 1183.

mental anguish and emotional distress); *Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 412 (Colo. 2004) (in tort claim against an insurer for breach of the duty of good faith and fair dealing, a plaintiff may recover damages for emotional distress without proving substantial property or economic loss).

These cases support Plaintiffs' position, but the Court will not consider them because they are irrelevant to whether New Mexico allows recovery of emotional distress damages for bad faith claims. *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir. 1997) (federal court sitting in diversity must apply the substantive law of the state in which it sits).

## CONCLUSION

New Mexico law allows the recovery of emotional distress damages under limited circumstances. Plaintiff do not assert any claims which fall under those circumstances. Plaintiffs argue that allegations of bad faith entitle them to recover damages for emotional distress, but this argument is not supported under New Mexico law.

**THEREFORE, IT IS ORDERED** that Defendant's Motion for Summary Judgment Regarding Plaintiffs' Emotional Injury Claims and Damages **(Doc. 66)** is GRANTED for the reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE